**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY GARVIN,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>*Defendant*. | Civil Action No. 1:26-cv-0608 (CJN) |

**ORDER**

Plaintiff Anthony Garvin was convicted of conspiracy to commit bank fraud and bank fraud in 2022. As a result of his convictions, the Federal Housing Finance Agency (FHFA) determined that Garvin's conduct would be likely to cause "significant financial or reputational harm to a regulated entity or otherwise threaten the safe and sound operation of a regulated entity." 12 C.F.R. § 1227.6(a)(2). FHFA issued a suspension order directing regulated entities to cease or refrain from engaging in a business relationship with Garvin indefinitely. Garvin, who proceeds *pro se*, seeks a preliminary injunction to prevent enforcement of the suspension order. For the reasons set forth below, Garvin's motion for a preliminary injunction is denied.

## I. Background

In the wake of the 2008 housing crisis, Congress enacted the Housing and Economic Recovery Act of 2008, which established the FHFA—an agency created to regulate the Federal National Mortgage Association (Fannie Mae), the Federal Home Loan Mortgage Corporation (Freddie Mac), and various Federal Home Loan Banks. *See Collins v. Yellen*, 594 U.S. 220, 228–31 (2021); 12 U.S.C. §§ 4502(20), 4511(b), 4617. To ensure the safety of these entities, and

pursuant to its rulemaking authority, FHFA created the Suspended Counterparty Program (SCP). *See* 12 C.F.R. pt. 1227; 12 U.S.C. §§ 4513(a)(2), 4513b(b)(2)(B)(iii), 4526(a). The SCP regulations set forth procedures for "FHFA to issue suspension orders directing the regulated entities to cease or refrain from engaging in covered transactions with such persons and any affiliates thereof for a specified period of time or permanently." 12 C.F.R. § 1227.1.

Before issuing a proposed suspension order with respect to a particular person, a suspending official must make two findings: (1) that there is evidence that the person engaged in "covered misconduct" and (2) that such misconduct is "of a type that would be likely to cause significant financial or reputational harm to a regulated entity or otherwise threaten the safe and sound operation of a regulated entity." *Id.* § 1227.5(b). "Covered misconduct," as relevant to this case, includes "any conviction . . . within the past three (3) years if the basis of such action involved fraud . . . or any similar offense, in each case in connection with a mortgage, mortgage business, mortgage securities or other lending product." *Id.* § 1227.2. After providing notice and an opportunity to respond, the suspending official determines whether to issue a final suspension order, which is administratively appealable to the Director of FHFA. *Id.* §§ 1227.5–1227.7. An aggrieved party may seek reconsideration of a final suspension order after expiration of a 12-month period from the effective date of the final order. *Id.* § 1227.9.

On January 11, 2019, Garvin was indicted on charges of bank fraud and conspiracy to commit bank fraud in a New Jersey federal district court, arising out of a multi-year scheme to defraud financial institutions through fraudulent "short sale flips." *See* Indictment, *United States v. Garvin*, 2:19-cr-35, Dkt. No. 48 (D.N.J.); ECF No. 13-2, Ex. A (copy of superseding incitement). This scheme centrally consisted of two steps, wherein Garvin would mislead a financial institution into accepting a loss on its mortgage before reselling the property to a new buyer for a higher price.

*Id.* In December 2022, Garvin pleaded guilty to the counts of conspiracy to commit bank fraud and bank fraud in the superseding indictment and unsuccessfully moved to withdraw his guilty plea. ECF No. 13 at 4 (Opp.); ECF No. 13-2, Ex. B (amended judgment). On September 11, 2023, Garvin was sentenced to two years imprisonment and required to pay hundreds of thousands of dollars in restitution. *Id.* In late 2024, the Third Circuit affirmed the district order's order denying Garvin's motion to withdraw his guilty plea. ECF No. 13-2, Ex. C.

On November 20, 2025, FHFA informed Garvin that it had issued a proposed suspension order based on his convictions. Opp. at 4. After receiving Garvin's response, FHFA promulgated a final suspension order on January 15, 2026, which detailed Garvin's previous fraudulent conduct that resulted in his convictions. ECF No. 13-2, Ex. D. The agency determined that Garvin's bank fraud convictions were "of a type that would be likely to cause significant financial or reputational harm to a regulated entity or otherwise threaten the safe and sound operation of a regulated entity." *Id.* The agency then "direct[ed] each regulated entity to cease or refrain from engaging in any business relationship with Anthony Garvin indefinitely, beginning on March 4, 2026." *Id.*

On February 17, 2026, Garvin filed this suit, claiming that FHFA's suspension order was arbitrary and capricious under the Administrative Procedure Act because it failed to address his mitigating evidence and failed to reasonably consider lesser sanctions than an indefinite suspension. ECF No. 1 at 1–2. After the Court granted Garvin's motion to stay the action, and he exhausted the administrative appeals process, Garvin filed a motion for a preliminary injunction on July 2, 2026. ECF Nos. 3, 4. Since then, the Court has lifted the stay and FHFA has filed a motion to dismiss. ECF No. 15.

## II. Standard of Review

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking preliminary injunctive relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (citation omitted). Where the federal government is the defendant, the last two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III. Analysis

The "first and most important factor" in deciding whether to grant preliminary relief is whether the movant has "established a likelihood of success on the merits." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014). Garvin has not made this showing as FHFA reasonably determined that Garvin's criminal convictions supported the issuance of a final suspension order. To impose a suspension order, FHFA must find that the person engaged in "covered misconduct," which is "of a type that would be likely to cause significant financial or reputational harm to a regulated entity or otherwise threaten the safe and sound operation of a regulated entity." *Id.* § 1227.6(a). Here, FHFA reasonably concluded that Garvin's convictions for conspiracy to commit bank fraud and bank fraud constituted "covered misconduct." *Id.* § 1227.2 (including in the definition of "covered misconduct" any "conviction . . . if the basis of such action involved fraud . . . in connection with a mortgage [or] mortgage business"). FHFA also reasonably found that Garvin's convictions resulting from his multi-year $30 million dollar mortgage fraud scheme was misconduct "of a type that would be likely to cause significant financial or reputational harm

to a regulated entity or otherwise threaten the safe and sound operation of a regulated entity." *Id.* § 1227.6(a)(2); *see* Opp. at 3, 8–9. Considering these reasoned determinations, FHFA acted lawfully in issuing the final suspension order.

Although Garvin concedes that FHFA "plainly" "possessed authority to suspend" him, he argues that the agency failed to adequately explain its indefinite suspension determination and to reasonably consider alternative sanctions (such as a time-limited suspension). ECF Nos. 14, 16 at 1 (Reply). But Garvin does not point to any legal authority that requires the agency official to impose a lesser suspension in this context. Rather, numerous SCP regulations provide that a suspension can be "for a specified period of time or permanently," thereby according the agency official some discretion to tailor the length of the suspension to the facts before him. 12 C.F.R. §§ 1227.1–1227.3(a). In the final suspension order, FHFA sufficiently supported its determination to indefinitely suspend Garvin, including by finding (1) that Garvin engaged in a multi-year conspiracy to profit from buying, selling, and obtaining loans on real estate properties by making false and fraudulent representations to financial institutions; (2) that Garvin was convicted in federal district court of conspiracy to commit bank fraud and bank fraud, and sentenced to twenty-four months imprisonment followed by a term of supervised release; and (3) that the conduct underlying his conviction occurred in connection with a mortgage business and real estate transactions. ECF No. 13-2, Ex. D. Lastly, and as discussed above, FHFA also reasonably determined that Garvin's conduct fell within § 1227.2's definition of "covered misconduct" and that it would be likely to cause harm to regulated entities or otherwise threat their safe and sound operation. *Id.*

While Garvin contends that he proposed various lesser sanctions in the administrative appeals process, based on Garvin's own representations concerning that agency decision, FHFA

did not act unlawfully in considering the danger Garvin's convictions would likely pose to regulated entities and nonetheless deciding to impose an indefinite suspension. ECF No. 4 at 5 (Mot.); Reply at 1 (Garvin providing that the administrative appeals decision "states only that, given the nature of the underlying conduct, an indefinite and comprehensive suspension is 'necessary and appropriate' and that the asserted mitigating factors are 'not sufficiently compelling'").

Garvin has not provided the Court with a complete copy of the administrative appeals decision. *See* Mot. at 5 (providing only the first page of that decision). The Court notes that it is Garvin's burden to establish his entitlement to a preliminary injunction, so he bears the responsibility in ensuring that the Court has a sufficient record to rule on his motion. Regardless, as noted above, the Court resolves this argument in part based on Garvin's own representations of the administrative appeals decision. *See* Reply at 1. Garvin therefore has not shown that he is likely to succeed on the merits of his claims.

Garvin has also failed to establish that he is likely to suffer irreparable harm absent a preliminary injunction. The D.C. Circuit "has set a high standard for irreparable injury," which "must be both certain and great," and "actual and not theoretical." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citation omitted). Garvin contends that the indefinite suspension causes him various economic and reputational harms. Mot. at 1; Reply at 2, 4. However, Garvin has not shown how his generic economic harms are irreparable on the present record. *See Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) ("It is . . . well settled that economic loss does not, in and of itself, constitute irreparable harm."); *id.* ("Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business."). Moreover, any reputational harm Garvin has suffered

is primarily attributable to his own prior criminal conduct. *See Safari Club Int'l v. Jewell*, 47 F. Supp. 3d 29, 35 (D.D.C. 2014) ("[T]he harm is self-inflicted and, therefore, not the irreparable harm that supports injunctive relief."). To the extent FHFA's suspension order causes any ancillary harm to Garvin's reputation, that harm could be substantially mitigated at final judgment. And, even under a time-limited suspension, as Garvin requests, the Court would be able to litigate the merits of his case before such a suspension expires. Put differently, even if the Court were to agree with Garvin that his suspension order should expire by a date certain, that is all the relief the Court would order now, and he would therefore remain suspended while the case is litigated on the merits.

Because Garvin has not met the first two *Winter* factors, each of which independently foreclose the relief he seeks, Garvin's motion for a preliminary injunction, ECF No. 4, is DENIED.[1]

DATE: October 19, 2026

CARL J. NICHOLS
United States District Judge

[1] In any event, the other two factors also do not support a preliminary injunction here.